**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:22-20294-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

 Plaintiff,

v.

TRAVIS DEAEMAS NELSON,

 Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS EVIDENCE

 THIS CAUSE is before the Court on Magistrate Judge Chris McAliley's Report and Recommendation (DE 24) recommending that I deny Defendant Travis Deaemas Nelson's Motion to Suppress Evidence (DE 17). Defendant filed his objections to the Report on October 20, 2022. (DE 25). The Government has not yet responded, but I am prepared to rule before its response is due. I have carefully considered the Report, the written submissions of the parties, applicable law, and the record as a whole. For the reasons set forth below, I will adopt Judge McAliley's Report and Recommendation and deny Defendant's Motion to Suppress.

 Before adopting the Report, I will address Defendant's single objection. Defendant argues that the Magistrate Judge failed to assess the reasonableness of the officers' actions.[1] (DE 25 at

---

[1] Specifically, Defendant argues that the Magistrate Court should have considered that (1) the officer did not develop probable cause until she was five minutes outside of her jurisdiction and (2) the officers violated state law.

2).  Instead, the Magistrate Judge found that the "seizure was *per se* reasonable because there was probable cause to believe a crime was committed in [the officer's] presence."  *Id.*  The Magistrate Judge came to this conclusion because of two controlling cases.  First, in *Virginia v Moore*, the Supreme Court held:

> When officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest, and to search the suspect in order to safeguard evidence and ensure their own safety.

553 U.S. 164, 178 (2008) (applied in the context of an unlawful arrest within the officer's jurisdiction).  Second, in *United States v. Goings*, the Eleventh Circuit (applying *Moore*) held: "it [is] irrelevant for purposes of the Fourth Amendment whether [defendant's] arrest violated state law, so long as it was supported by probable cause."  573 F.3d 1141, 1143 (2009) (applied in the context of an unlawful arrest, outside of an officer's jurisdiction, arising from a high-speed chase from Georgia into Florida).

Thus, the Magistrate Judge reasoned, it does not matter *when* (*i.e.*, within the City of Miami or in Miami Dade) the officer developed probable cause because she eventually did when the stop was effectuated.  And as to the state law issue, controlling precedent says it is "irrelevant."  *Id.*  Defendant argues that this conclusion "would allow any law enforcement agency to exercise unrestrained power anywhere in the United States."  (DE 25 at 5).

I agree with Defendant that such a reading of the case law could lead to an absurd result. It cannot be that a local law-enforcement officer can traverse the country and, upon witnessing a potential crime that creates probable cause, stop and search people. But the Eleventh Circuit did not provide a limiting principle in *Goings* when it applied *Moore* to the question of jurisdiction, and I am bound by this precedent. Even so, this case is not one that pushes the scope of the rule to the edge.

I agree with Defendant that *Moore* did not "relieve the requirement that law enforcement act reasonably within the meaning of the Fourth Amendment."  (DE 25 at 3). Here, even when I apply Defendant's proposed reasonableness standard, I find that the officers *did* act reasonably. Contrary to Defendant's assertion, the officer developed probable cause that the Defendant was driving with a stolen tag from the City of Miami side.  (DE 23-1 at 6) (stating that she recognized the car and tag from a BOLO when she was South of the intersection).  The officer then followed Defendant for five minutes into Miami Dade because she had to wait for backup as a safety precaution.  This five-minute foray into Miami Dade from the City of Miami does not come close to presenting the open question of what exactly is the limiting principle in *Goings*.

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendant's Objections to the Report & Recommendation (DE 25) are **OVERRULED.**

2. Magistrate Judge McAliley's Report and Recommendation (DE 24) is hereby **ADOPTED**.

3. For the reasons set forth in the Report, and the additional reasons articulated in this Order, Defendant's Motion to Suppress (DE 17) is **DENIED**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 27th day of October, 2022.

Donald M. Middlebrooks
United States District Judge

Copies to:      Counsel of Record